1  Daniel M. Cislo (SBN 125378)
   dan@cislo.com
2  Katherine M. Bond (SBN 263020)
3  kbond@cislo.com
   CISLO & THOMAS LLP
4  12100 Wilshire Blvd., Ste. 1700
5  Los Angeles, California 90025
   Telephone: (310) 979-9190
6

7  Attorneys for Plaintiff
8  PATTY A. KOTERO aka APOLLONIA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTY APOLLONIA KOTERO aka APOLLONIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PAISLEY PARK ENTERPRISES LLC, a Delaware limited liability company, and DOES 1-10, inclusive.<br><br>Defendants. | Case No. 2:25-cv-07769<br><br>COMPLAINT FOR DECLARATORY RELIEF |

COMPLAINT

Patty A. Kotero a.k.a. Apollonia through her attorneys Cislo & Thomas LLP, alleges as follows:

## INTRODUCTION

1. Plaintiff Patty Apollonia Kotero brings this declaratory judgment action seeking a judicial determination regarding the ownership of the name "APOLLONIA" and the trademarks associated therewith. As described herein, Defendants are attempting to steal this name and Plaintiff's trademarks even though for more than forty (40) years Ms. Kotero - the actress, singer, songwriter, producer, and entertainer - has been known as "Apollonia." In fact, Prince himself consented to and encouraged Apollonia in her professional endeavors as "Apollonia". If ever the fundamental principles of fairness - waiver, acquiescence, and laches apply, they apply here.

2. In 1984, Plaintiff famously starred as the character "Apollonia", Prince's love interest in the pop culture classic *Purple Rain.* She was an instant fan favorite known for her big hair, sultry style and musical talent. A few years later, Apollonia released her first self-titled album, "*Apollonia*" with Warner Brothers. She continued to perform music and act under the name Apollonia and most recently launched a podcast called "Apollonia Studio 6." All of the goodwill associated with the name and trademark "Apollonia" for the past four (4) decades is attributable to Plaintiff. There is only one Apollonia, and Apollonia is the source of the goods and services provided under this name. Therefore, to protect her brand, Ms. Kotero owns several "Apollonia" trademark applications and registrations.

3. After more than forty (40) years of continuous, exclusive, open and notorious use, Defendants, Prince's alleged estate, have asserted that Ms. Kotero does not own the name and has embarked on an aggressive campaign before the United States Patent and Trademark Office ("USPTO") and Trademark Trial and Appeal Board ("TTAB"), attempting to cancel Apollonia's trademark registrations and block her applications based on the contention that she is not the rightful owner

of the APOLLONIA trademark.

4. Defendants' actions have created a real and immediate controversy between Apollonia and Defendants as to whether Apollonia or Defendants own this name and who is entitled to provide goods and services under the name and use the name as a trademark. If Defendants succeed at the TTAB, it is highly likely Prince's estate will demand Apollonia cease using her name and, if not, bring a trademark infringement action against her. Defendants' allegations and the actual litigation before the TTAB threaten to disrupt not only Apollonia's livelihood but also her identity, including interfering with Apollonia's relationships with her industry partners.

5. Defendants do not own any trademark rights, and Apollonia is the rightful owner of the APOLLONIA trademarks. Therefore, there is a real, immediate, and justiciable controversy between the parties. A judicial declaration is necessary to determine the respective rights of the parties regarding the asserted APOLLONIA trademarks, and Ms. Kotero respectfully seeks a judicial declaration that she is entitled to her name and marks.

## THE PARTIES

6. Plaintiff Patty A. Kotero a.k.a. Apollonia is an individual and resident of Los Angeles County, having an address of 269 S. Beverly Drive, Ste. 292, Beverly Hills, California 92011.

7. Upon information and belief, Defendant Paisley Park Enterprises, LLC is a Delaware limited liability company having an address of 7801 Audubon Road, Chanhassen, Minnesota 55317 and purports to be the Estate of Prince Rogers Nelson by and through Comerica Bank & Trust, N.A., in its fiduciary capacity as the personal representative ("Paisley Park").

8. On information and belief, the Defendants sued herein as Does 1-10 are individuals and entities whose names and identities are currently unknown to Plaintiff and who are engaged in the acts described below. Plaintiff will amend its

complaint to identify these individuals or entities as soon as their identities become known.

9. Plaintiff is informed and believes and, based thereon, alleges that at all times relevant to this complaint, there existed a relationship between each of the Defendants in the nature of a joint venture, partnership, principal and agent, employer and employee, master and servant, aider and abettor, and principal and/or conspirator. Each and every act of each of the Defendants was duly authorized or ratified by each of the other Defendants and carried out within the course and scope of such relationship. Hereafter, Defendants Paisley Park and Does 1-10 shall be referred to collectively as "Defendants."

10. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.

11. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants have acted in concert and participation with each other concerning the claims in this Complaint.

12. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants was empowered to act as the agent, servant and/or employees of each other, and that all the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of them.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction over this matter under 28 U.S. §§ 1338, 2201 and 2202 in that this is an action for a declaratory judgment regarding trademark rights and that the Plaintiff is the rightful owner of APOLLONIA.

14. This Court has specific personal jurisdiction over Defendants on the grounds that Defendants have consciously and purposefully directed their conduct and activities in this District as described herein, including Defendants' alleged predecessors-in-interest, PRN Music Group and Water Productions, Inc., who were

both conducting business in this District and, according to Defendants, entered into at least two contracts with Plaintiff in this District regarding the Apollonia name. Apollonia is an individual that resides and conducts business in this District, and Defendants have threatened that Apollonia must comply with their demands including giving up her name and the trademark applications and registrations, by initiating multiple actions before the TTAB. Thus, Defendants have purposefully directed their activity relating to this dispute at Apollonia in this District, and this action arises out of and directly relates to Defendants' contacts with Apollonia in this District.

15. In doing so, Defendants have established sufficient minimum contacts with the Central District of California such that Defendants are subject to specific personal jurisdiction in this action. The exercise of personal jurisdiction based on his directed threats and contacts does not offend traditional notions of fairness and substantial justice. See *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079 (9th Cir. 2023).

16. Venue is proper in this Court under 28 U.S.C. § 1391(d) in that a substantial part of the events giving rise to these claims occurred in this judicial district, as discussed above.

## APOLLONIA

17. In the 1980's Apollonia was working as a singer, model, and actress when she landed a lead role in *Purple Rain*. Postproduction, she embarked on a worldwide tour to promote the film and her hit song from the film, "Sex Shooter."

18. Apollonia and Prince became lifelong friends up until his untimely passing in 2016. Apollonia co-wrote the Bangles hit "*Manic Monday*" with Prince, and she provided vocals on Prince's song "*Take Me With You.*"

19. In 1985, she became a regular on the television series *Falcon Crest,* where she played Apollonia, the girlfriend of the character Lorenzo Llamas.

20. She launched a self-titled solo album, "*Apollonia,*" in 1988 with Warner

Bros., which featured several hit singles and appeared in a variety of television shows throughout the 90's and early 2000's.

21. In 2009, she launched a successful podcast which she still hosts today, called "APOLLONIA STUDIO 6" with her business partner that has featured numerous famous guests like Jo Koy and Tia Carrere.

22. For all of these years neither Prince himself nor anyone on Prince's behalf demanded that Apollonia cease using the name Apollonia or contended that the name did not belong to her either personally or professionally.

23. Apollonia owns and operates the website https://www.apolloniakotero.com/ where her fans can learn more about Apollonia and listen to the podcast.



24. At the Apollonia store (https://apolloniakotero.store/) fans can buy Apollonia themed merchandise.



25. Apollonia's music can be listened to and downloaded on Apple Music and Spotify.



26. On or about October 3, 2016, Apollonia filed U.S. Trademark Application Serial No. 87190761 for the mark APOLLONIA 6 for use in connection with entertainment services, having a first use in commerce date in 1984, which issued as U.S. Registration No. 5,272,757 on August 22, 2017 (the "'757 Registration").

27. On or about April 4, 2018, Apollonia filed U.S. Application Serial No. 87862156 for the mark APOLLONIA for use in connection with entertainment services with a first use in commerce date of January 1, 1984, and the application issued as U.S. Registration No. 5,626,232 on December 11, 2018 (the "'232 Registration").

28. Apollonia has since filed two additional trademark applications:

| Application No. | Mark | Goods/Services |
| --- | --- | --- |
| 97147611 | APOLLONIA STUDIO 6 | Audio Production Services |
| 99289792 | APOLLONIA | Entertainment Services |

Collectively, Apollonia's longstanding common law rights, the mark in the '757 Registration, the '232 Registration, and marks in the table above are referred to as the APOLLONIA Marks.

29. For more than forty (40) years Apollonia has used the name to identify

not only herself but also her work, and the APOLLONIA name distinguishes her goods and services from goods and services made and sold by others by, among other things, prominently displaying the mark on her music, acting credits, on her Internet websites, streaming platforms and on advertising materials promoting Apollonia.

30. The presence of APOLLONIA on Apollonia's goods and services indicates to the industry and the public that goods and services provided under the APOLLONIA Marks originate with, or are provided by, Apollonia. Due to Apollonia's hard work, dedication, and significant accomplishments, the APOLLONIA Marks have attained considerable value, and the goodwill associated with them is a valuable business asset, as the consuming public associates the APOLLONIA Marks with Patty Apollonia Kotero.

### **DEFENDANTS' THREATENING AGGRESSIVE ACTS**

31. Defendant Paisley Park claims that, "Except for a handful of intellectual property assets unrelated to [the TTAB] matter, [Defendant] owns all intellectual property rights and all rights in the name and likeness of Prince." On information and belief, and now that Prince is deceased, Defendant will not stop in its efforts to acquire all things related to Prince even though it has no legal right to do so, and for many years Prince himself did not act to obtain such "things."

32. On January 4, 2017, the Personal Representative of the Estate of Prince filed an Inventory of the real and personal property of Prince's estate, in the matter of Estate of Prince Rogers Nelson, First Judicial District, District Court, Probate Division, State of Minnesota, County of Carver, Court File No. 10-PR-16-46 (the "Estate Inventory"). *See* 40 TTABVUE 26-75; 48 TTABVUE 73-120 (Exh. 8). Specifically, Exhibit 1 to the Estate Inventory, entitled "Summary of Trademark Prosecution Matters" lists 39 marks related to Prince, including "Vanity 6." *See* 40 TTABVUE 41-53; 48 TTABVUE 86-98. Notably, Exhibit 1 does not list the

APOLLONIA or the APOLLONIA 6 mark. *See* id.

33. According to the USPTO records, on October 5, 2018, Defendant Paisely Park filed U.S. Trademark Application Serial No. 88145070 for the mark APOLLONIA 6 for use in connection with "musical sound recordings; musical video recordings; audio and video recordings featuring music performances; downloadable digital audio and video files featuring musical performances; motion picture films featuring music and musical entertainment," claiming a first in commerce date of October 1, 1984 (the "'070 Application").

34. In an Office Action dated January 15, 2019, the '070 Application was refused registration due to a likelihood of confusion with the '757 Registration and '232 Registration owned by Plaintiff Apollonia. The Office Action additionally refused registration because the specimen provided identified a person or a performer and did not function as a trademark. In response, counsel for Paisley Park argued that Ms. Kotero had consented to Applicant's use of the mark via a prior agreement and that there was no likelihood of confusion.

35. On information and belief, in the Office Action response, Applicant was referring to agreements Plaintiff allegedly entered into with Paisley Park's alleged predecessors-in-interest regarding the APOLLONIA name.

36. Despite arguing to the Trademark Office on July 12, 2019, "Obviously, based on this language [in the agreements], the parties agreed that the APOLLONIA Mark and the applied-for APOLLONIA 6 mark could co-exist in the marketplace without confusion…," Paisley Park filed a Petition to Cancel the '757 Registration with the TTAB, Cancellation Proceeding No. 92071732 (the "First Cancellation Action"). The prosecution of the '070 Application is presently suspended until the disposition of the TTAB action.

37. On October 26, 2021, Defendant Paisley Park initiated a second Cancellation Proceeding before the TTAB, Cancellation Proceeding No. 92078316, in an effort to cancel the '232 Registration on the basis that Apollonia is not the

rightful owner of the trademark, Apollonia does not function as a trademark, and abandonment (the "Second Cancellation Proceeding"). Both the First and Second Cancellation Proceedings remain pending before the TTAB and are collectively referred to as the "TTAB Proceedings."

38. On June 20, 2025, Paisley Park filed intent-to-use U.S. Trademark Application Serial No. 99245126 for the mark APOLLONIA for use in connection with clothing and entertainment services (the "'126 Application"). The '126 Application has not yet been examined by the USPTO.

39. In the First Cancellation Proceeding, Defendant Paisley Park contended that on August 10, 1984, Plaintiff entered into an agreement with PRN Music Corp., a company owned and operated by Prince and the predecessor-in-interest to Defendant Paisley Park (the "PRN Agreement"). *See* 1 TTABVUE 2-3, Exhibit A.

40. The PRN Agreement lists an address in Beverly Hills for the Fred Moultrie Accountancy Corp. for PRN. Attached as **Exhibit "A"** is a true and correct copy of the PRN Agreement supplied by Defendant Paisley Park in the First TTAB Proceeding.

41. In the Second TTAB Proceeding, Defendant Paisley Park asserts that Plaintiff entered into another agreement on October 28, 1983, with Water Productions, Inc., a California corporation and the agent of whom was Charter Management, located in Los Angeles, California. Defendant alleges that "Prince was the sole owner of Water Productions, Inc." and "The Estate is the successor in interest to Prince as the owner of Water Productions and has the lawful right to exercise the rights of Water Productions…., including owning the right to use APOLLONIA with the movie *Purple Rain* and the performances contained in the movie." See 1 TTABVUE 3-4, Exhibit B. Attached as **Exhibit "B"** is a true and correct copy of the Water Productions, Inc. agreement ("Water Productions Agreement") as provided by Defendant Paisley Park in the Second TTAB Proceeding.

42. On information and belief, neither Water Productions nor PRN Music is a predecessor-in-interest to Defendants.

43. In each Cancellation Proceeding, Defendant Paisley Park essentially contends that Apollonia waived all her rights in and to the APOLLONIA name via the PRN and Water Productions Agreements or, to put it another way, that Defendant Paisley Park as an alleged predecessor-in-interest to these two companies, has retained all rights in and to the APOLLONIA name and is the rightful owner of the APOLLONIA trademarks. Attached as **Exhibit "C"** are true and correct copies of the Petitions for Cancellation, without the exhibits, filed by Defendant Paisley Park.

44. Even assuming arguendo that Plaintiff signed any agreement decades ago, the statute of limitations for breach of contract expired long ago, and neither Prince nor anyone on his behalf ever requested Apollonia cease using her name or demanded she stop using her name on a personal or professional level. Contrary to Defendants' claims before the TTAB, Prince and Apollonia were friends, and he wanted her to be successful as Apollonia.

45. Any adverse decision in TTAB Proceedings could be potentially extremely harmful to Plaintiff Apollonia. For her entire adult life and professional career, she has been known by APOLLONIA by the public, her peers, friends, and family.

46. Moreover, the parties continue to file APOLLONIA comprising trademark applications and these one-off disputes before the USPTO and TTAB can continue for years, costing all parties significant time and expense. A judicial determination of the parties' actual rights in and to the APOLLONIA name and mark can once and for all end this dispute.

47. By reason of Defendants' acts, as alleged herein, there is an actual, justiciable, substantial, and immediate controversy between Apollonia, on the one hand, and Defendants, on the other, regarding whether Ms. Kotero has breached any agreement; or that the APOLLONIA name and trademark belong to Plaintiff; and

Ms. Kotero does not violate any trademark rights owned by Defendants.

## CLAIM FOR RELIEF
**(Declaration of Rights – APOLLONIA)**

48. Plaintiff repeats and re-alleges paragraphs 1 through 47 as though fully set forth in this paragraph.

49. There is presently a dispute between Plaintiff and Defendants regarding the parties' rights in and to the mark APOLLONIA and the trademark applications and registrations relating thereto.

50. The Defendant, on the one hand, contends that Plaintiff cannot use or register marks comprising APOLLONIA including "…in such a way as may create public confusion with respect to PRN Music's use of the name "Apollonia 6."

51. Plaintiff, on the other hand, contends that the APOLLONIA name and APOLLONIA Marks belong to her because:

   a. "Apollonia" as portrayed in the film *Purple Rain* was the name of a character or performer and did not function as a trademark; *see* Trademark Act Sections 1, 2 and 45, 15 U.S.C. §§1051-1052, 1127; *see In re Polar Music Int'l AB*, 714 F.2d 1567, 1572, 221 USPQ 315, 318 (Fed. Cir. 1983);

   b. The statute of limitations for breach of contract for a written contract in the State of California is four (4) years. Even considering the facts in a light most favorable to Defendants, and Plaintiff entered into a valid, enforceable contract wherein Defendants retained and/or owned all rights in and to the name, likeness, and mark APOLLONIA, Defendants never enforced their alleged rights and the statute of limitations expired long ago; *see* Section 337 of the California Code of Civil Procedure;

   c. The equitable doctrine of waiver applies as Defendants intentionally

relinquished any rights inducing Plaintiff's reasonable belief that such rights had been relinquished." See *United States v. King Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988);

d. The equitable doctrine of acquiescence applies because Defendants' predecessor-in-interest provided consent; and the delay between this consent and the present is not excusable and the delay would cause the Plaintiff undue prejudice. See *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010):

e. Laches applies, as the Defendants' unreasonable and undue delay in enforcing any rights in and to the APOLLONIA name and mark and any belated enforcement would prejudice Plaintiff resulting in serious harm and disadvantage to her. See *Pinkette Clothing, Inc. v. Cosmetic Warriors Limited*, 894 F.3d 1015 (9th Cir. 2018).

52. For all of the foregoing reasons, among others, Plaintiff contends that her use and registration of APOLLONIA in connection with entertainment services and/or related goods and services does not infringe any valid, enforceable trademark rights of Defendants, and she is the rightful owner of the APOLLONIA Marks.

53. Based upon the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a judicial declaration.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court declare that Plaintiff has not, does not, and will not infringe any valid, protectable trademark rights of Defendants;

2. That the Court declare the PRN Agreement and Water Productions Agreement null and void;

3. That the Court declares that Defendant's objections and/or oppositions to Plaintiff's use and/or registration of the AOLLONIA Marks in connection with

Plaintiff's goods and services are unfounded, and Defendants are prohibited from challenging the '757 Registration, '232 Registration, or Plaintiff's pending trademark applications or any registrations issuing therefrom before the Trademark Trial and Appeal Board;

4. For an injunction ordering Defendant not to interfere with Plaintiff's use, promotion, and marketing of her goods and/or services offered under the APOLLONIA Marks;

5. For an order cancelling U.S. Trademark Application Serial No. 88145070 and U.S. Trademark Application Serial No. 99245126 and prohibiting Defendants from filing any future trademark applications for APOLLONIA comprising trademarks, see *BBK Tobacco & Foods LLP v. Central Coast Agriculture, Inc.*, 97 F.4th 668, 670 (9th Cir. 2024);

6. For an award of costs as provided by law; and

7. For such other and further relief as the court deems just and proper.

Respectfully submitted,

CISLO &THOMAS LLP

DATED: August 19, 2025     By:  /s/Daniel M. Cislo
                                Daniel M. Cislo

                                Attorneys for Plaintiff,
                                PATTY APOLLONIA KOTERO,
                                APOLLONIA